UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>MELVIN WILFREDO SANTOS-MEJIA,<br><br>Defendant. | 4:25-CR-40026-KES<br><br>ORDER OF DETENTION |

This matter came before the court for hearing on an indictment in the above case on February 20, 2025. The defendant appeared in person and by his counsel, the Assistant Federal Public Defender. The United States appeared by the Assistant United States Attorney. The government moved to detain the defendant. Defendant requested release.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f)(1) & (2), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

[X]   (1)   There is a serious risk that the defendant will not appear.

[ ]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

The defendant is charged in the indictment with illegally reentering the United States after having previously been deported in violation of 8 U.S.C. § 1326(a). Because the defendant has been indicted by the grand jury, there is probable cause to believe that he committed the offenses with which he is charged. However, the defendant is also presumed innocent.

The applicable law for evaluating the issue of the detention or release of this defendant, the Bail Reform Act (BRA), provides a presumption in favor of release in this case. See 18 U.S.C. § 3142(a)–(c), (e)(2), (f)(1). The government bears the burden of showing grounds for detention. United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (en banc). If the government wishes to have the defendant detained, it must show by a preponderance of the evidence that the defendant is a serious risk of nonappearance, a risk of obstructing or attempting to obstruct justice, or a risk of threatening, injuring or intimidating a witness or juror, or attempting to do so, a by a preponderance of the evidence. Id. at 891 & n.20; see § 3142(f)(2). If the government argues detention should be ordered based on risk of danger, the government must demonstrate that circumstance by clear and convincing evidence. § 3142(f)(2). If the government does not move for detention, the court may detain a defendant *sua sponte* only if the court finds by a preponderance of the evidence that there is a risk of nonappearance, obstruction of justice, or a risk that a witness or juror will be intimidated, threatened, or injured. Id.

Here, the government argues defendant poses a serious risk of nonappearance. It does not assert that defendant's release poses a risk of danger. The applicable burden of proof, then, is the preponderance of the evidence standard. Orta, 760 F.2d at 891 n.20.

The BRA sets forth several factors which the court is to consider in deciding whether to release or detain a defendant. See § 3142(g). Those factors include:

> (1) the nature and circumstances of the charged offense, including whether it is a crime of violence, terrorism, involves a minor victim, drugs, or firearms;
>
> (2) the weight of the evidence against the person;
>
> (3) the defendant's history and characteristics, including:
> --the person's character
> --the person's physical and mental condition
> --the person's family ties
> --the person's employment
> --the person's financial resources
> --length of residence in the community
> --community ties
> --past conduct
> --history of drug or alcohol abuse
> --criminal history
> --record of appearance at court proceedings;
>
> (4) the nature and seriousness of the danger posed by the person's release.

Id.

Here, based on the bail report and the proffers made by both parties, the court finds defendant was born in El Salvador and remains a citizen of that country. He attended high school and four years of college in El Salvador

without taking a degree. All of defendant's family except his wife and children remain in El Salvador.

Defendant represents he has lived in Sioux Falls for 17 years and worked for the same (unnamed) construction company for the last 10 years. He is married and has three children, one of which is an adult and two minors. The immigration status of defendant's wife is not known, but she suffers from several medical conditions and does not work outside the home. The children are United States citizens. The youngest child has special needs but is able to attend school.

Defendant lives in a home owned by his adult daughter. He has resided there for the last three years.

Defendant was removed from the United States in April 2008 after having been convicted of the felony crime of illegally reentering the United States after having previously been deported in violation of 8 U.S.C. § 1326(a). See United States v. Santos-Mejia, 4:08-CR-40004 (D.S.D.). This prior conviction necessarily implies that defendant was removed from the United States another earlier time which predated the 2008 removal documented in the bail report. Thus, defendant has entered the United States twice without permission and there is probable cause to believe he has now done so for a third time. Defendant's only other criminal conviction is a 2021 charge of driving without a valid driver's license and operating a vehicle without seatbelts for children in the vehicle.

The court requested the parties to submit briefing on the issue of (1) what is the significance of the fact that the ICE agency has lodged a detainer and (2) what is the significance of the defendant's prior felony conviction for the same offense in this court. Both parties have now submitted those briefs.

There is a case relevant to Mr. Santos-Mejia's case from this district, United States v. Tapia, 924 F. Supp. 2d 1093 (D.S.D. 2013). In that case, the defendant was charged with presenting fraudulent documents in order to obtain a United States passport. Id. at 1094. After a bail hearing, the magistrate judge released the defendant despite the existence of an ICE detainer. Id. at 1095. In part, the magistrate judge's decision was based upon the uncertainty that ICE would actually begin deportation proceedings if the defendant were released and, even so, whether the defendant would be able to secure an administrative bond in those deportation proceedings. See Ord. Setting Conditions of Release, United States v. Figueroa Tapia, 1:13-CR-10001-RAL (D.S.D. Jan. 4, 2013), ECF No. 14 at 1.

The government appealed the magistrate judge's determination to the district judge, which affirmed. Tapia, 924 F. Supp. 2d at 1099. The district court reasoned that the ICE detainer was only one factor of many to consider in determining if the release of the defendant posed a risk of nonappearance and the detainer was not, in itself, determinative of the question. Id. at 1097-99. The court relied upon the facts that Figueroa Tapia had substantial ties to the

5

community, a minimal criminal history,[1] and the government had not shown he had ties to any foreign country.  Id.  The court wrote that it was not the court's duty, as a member of the third branch of government, to resolve conflicting priorities between two agencies of the second branch of government: the Department of Justice, which sought to prosecute the defendant for a crime, and the Department of Homeland Security, which sought to deport the defendant.  Id.

Examination of the docket in the Figueroa Tapia matter tells "the rest of the story."  After the magistrate judge released the defendant, he indeed went into ICE custody and deportation proceedings began.  Ord. Den. Mot. to Vacate Writ, United States v. Figueroa Tapia, 1:13-CR-10001-RAL (D.S.D. Feb. 21, 2013), ECF No. 44 [hereinafter Ord. Den. Mot. to Vacate].  Defendant was unable to post administrative bond and gain release from ICE custody.  Id.  Thereafter, in federal court, the defendant was indicted, and the magistrate judge issued a writ to bring him back to federal district court for an initial appearance and arraignment.  Ord. Granting Appl. for Writ, United States v. Figueroa Tapia, 1:13-CR-10001-RAL (D.S.D. Jan. 11, 2013), ECF No. 27.  Thereafter, the defendant moved to vacate the writ.

The magistrate judge denied the motion, keeping the defendant detained in the custody of the United States Marshals.  Ord. Den. Mot. to Vacate.  Unlike at the initial appearance, the magistrate judge noted that now, there

---

[1] The defendant had two misdemeanor convictions for driving under the influence and disorderly conduct.  Detention Hr'g Tr., United States v. Figueroa Tapia, 1:13-CR-10001-RAL (D.S.D. Jan. 11, 2013), ECF No. 25 at 6:16-20.

6

was no doubt about whether ICE would detain the defendant and whether defendant would be able to secure an administrative bond from ICE. Id. Because it was now clear that ICE *would* detain the defendant and that the defendant *could not* post an administrative bond, the court concluded there were no set of conditions that exist that would secure the defendant's appearance at trial. Id.

Although the defendant in Tapia was initially released, that case has important factual distinctions with the present case. In Tapia, the government had not shown that the defendant had ties to any foreign country. Here, the defendant's entire family except his wife and children remain in El Salvador, so the government has shown he has substantial ties to a foreign country.

Also, while Figueroa Tapia had only two prior misdemeanor convictions, the defendant in this case has a prior felony conviction. Furthermore, he has twice entered the United States unlawfully, at least one of those times in direct contradiction of an order of an immigration judge. In the present criminal case, there is probable cause to believe he has disregarded a judge's order a third time.

Finally, this case, like Tapia, involves an ICE detainer. Defendants are entitled to an individualized determination of detention or release under the BRA, so it would be contrary to BRA to hold that an ICE detainer automatically and in every case mandates detention. United States v. Solis, 453 F. Supp. 3d 1161, 1165 (S.D. Iowa 2020). Although an ICE detainer is not determinative of

the issue of risk of nonappearance, it is one factor of many that the court may consider in evaluating release.  Tapia, 924 F. Supp. 2d at 1097.

The facts of this case are similar to those in United States v. Mehmood, in which the Eighth Circuit affirmed a defendant's pretrial detention order where the defendant was accused of several crimes, had substantial ties to a foreign country, and would suffer adverse immigration consequences if convicted.  358 Fed. Appx. 767, 769 (8th Cir. 2010) (per curiam).  The defendant's ties to a foreign country were deemed "notable" as was his use of aliases.  Id.

Defense counsel emphasizes defendant's many ties to the community, including his children, wife, and job.  But that is not the point—the court accepts that after two prior removals, the defendant clearly wants to be here.  The court does not doubt that, if defendant were given his liberty, he would stay in the United States and probably in South Dakota.

But if this court releases defendant, he will not have his liberty.  He will instead be taken into ICE custody.  The court understands that this does not represent a voluntary absence on the defendant's part.  The question for the court is whether, given the four factors under § 3142(g), the government has shown that defendant is a serious risk of nonappearance.

The defendant's felony conviction, current felony indictment, and two prior unlawful entrances into the United States tips the scale, in this court's opinion, in favor of detention.  The court is not convinced that a defendant who has shown disregard for other judges' orders on multiple occasions would

8

respect an order from this court. In United States v. Cobix-Espinoza, 655 F. Supp. 3d 584, 595 (E.D. Ky. 2023), the court found the defendant's history of several illegal entries into the United States showed he was a risk of nonappearance as it indicated the defendant "is not disposed to follow the orders of this Court."

In United States v. Centeno-Rojas, the court found that defendant's multiple removals from the United States and prior conviction for illegal reentry showed he was a risk of nonappearance. No. 3:24cr67-TKW, 2024 WL 3905043, at *2 (N.D. Fla. Aug. 22, 2024). The defendant had a wife and children who were United States citizens, and he owned a home in Texas. Id. The ICE agency had also lodged a detainer. Id. at *3. Although the court acknowledged defendant's substantial ties to the United States were greater than his ties to Mexico, the defendant's repeated commissions of the same offenses (one of which was illegal reentry) and multiple removals from the United States tipped the balance in favor of detention. Id. at *3-4.

For all the reasons discussed above, namely defendant's substantial ties to El Salvador, defendant's prior felony conviction, defendant's current status facing another potential felony conviction, defendant's multiple unlawful crossings of the United States border, and the marginal relevance of the ICE detainer, this court finds by a preponderance of the evidence that defendant is a serious risk of nonappearance.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED March 3, 2025.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge